# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0154V
Filed: May 9, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CHRISTINA GARBER, | |
| Petitioner, | Ruling on Entitlement; Concession; Tetanus, Diphtheria, acellular Pertussis ("Tdap") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Justine Walters, U.S. Department of Justice, Washington, DC,* for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On February 1, 2016, Christina Garber ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she "received a Tetanus, diphtheria, and pertussis ("Tdap") vaccine on February 19, 2015 and thereafter suffered from a shoulder injury, which was caused in fact by the above-stated vaccination." Petition at 1. Petitioner further alleged that she received her vaccination in the United States, that she has suffered the residual effects of her injury for more than six months, and that she has not received compensation for her injury alleged as vaccine caused. *Id.* at ¶¶ 2, 15, 18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 6, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent believes "that a preponderance of the evidence establishes that petitioner's injury is consistent with SIRVA, and that petitioner's injury is not due to factors unrelated to her February 19, 2015, Tdap vaccination." *Id.* at 3. Thus, respondent indicates respondent's injury is compensable as a "caused-in-fact" injury. *Id.* Respondent further indicates that all other statutory and jurisdictional requirements have been met. *Id.* at 3-4.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master